**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 04-CV-255-HRW

JAMEY M. HARDING PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA DEFENDANT

**** **** **** ****

This matter is before the Court on the motion of the United States, by Assistant United States Attorney, for dismissal or in the alternative, for entry of summary judgment in its favor. Record Nos. 17-18. The plaintiff has not filed a response.

BACKGROUND

The instant action was begun with the filing of a *pro se* complaint, the prisoner-plaintiff seeking $259.13, plus his costs herein, based upon the loss of his property in a fire occurring at the federal prison in Ashland, Kentucky. The Court found that the plaintiff was alleging negligence on the part of federal Bureau of Prisons ("BOP") employees and that he had exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA") prior to filing the instant cause. Therefore, the action was permitted to proceed. At some point, the plaintiff was released from prison.

On June 29, 2006, the United States filed the motions before the Court today and, on July 7, 2006, the defendant certified that a copy was sent to the plaintiff at his post-incarceration address. Despite the Court's ordering a response to the motions, more than three months later, Plaintiff Harding has not responded.

DEFENDANT'S MOTIONS

The United States' motions are for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, for entry of judgment in its favor, pursuant to Rule 56. The motions are accompanied by a memorandum to which declarations and other exhibits are attached.

The government admits that there was a fire in the plaintiff's Ashland prison cell and that it caused extensive damage to the personal property of the plaintiff and his fellow cell-mate. The United States agrees that the fire was unfortunate and damaging and states that an investigation ultimately revealed that the fire was caused by arson, at the hands of other inmates. The defendant disagrees as to certain losses which the plaintiff did not mention at the time but has claimed later, in this lawsuit. Regardless of the extent of the losses, however, the United States' position is that it is not liable for damages caused by other inmates.

The United States contends that the plaintiff has failed to state a claim under the FTCA, because he has alleged no damage caused by the negligent act of any federal employee as the act was arson, committed by the other inmates. The government also argues that the plaintiff has not stated an FTCA claim under an alternative theory that federal employees breached some sort of duty to safeguard his property from arson. Therefore, the defendant seeks dismissal of the plaintiff's claims or summary judgment in its favor.

STANDARDS FOR DISMISSAL AND SUMMARY JUDGMENT

The defendant has moved the Court to dismiss under Rule 12(b)(1), which provides for dismissal for lack of subject matter jurisdiction. Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)). Once challenged,

the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting the jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442 (1942).

"In considering a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. Rule 12(b)(1), the district court may look beyond the jurisdictional allegations in the complaint and consider whatever evidence is submitted. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)." *Fairport Int'l Exploration, Inc. v. Shipwrecked Vessel*, 105 F.3d 1078, 1081, 1997 WL 33071 (6th Cir. 1997).

As to the standards for the alternative relief sought, summary judgment, the Court's duty under Rule 56 is to determine whether there are "no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

In its consideration of a motion for summary judgment, the District Court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex Corp. v. Catrett*, 477 U.S. at 324-25. After the moving party carries its burden,

however, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* If the non-moving party completely fails to prove an essential element of his or her case, then all other facts are rendered immaterial. *Celotex*, 477 U.S. at 322-23.

The interplay between Rule 12(b)(1) and Rule 56 has been examined in *Wright v. United States*, 82 F.3d 419, 1996 WL 172119 (6th Cir. 1996) (table) (unpublished disposition). Therein, plaintiffs brought an action under the Federal Tort Claims Act, and defendants moved to dismiss for lack of subject matter jurisdiction because the rangers were following government policy as to cutting trees, thus no FTCA coverage. The district court converted the motion to dismiss to summary judgment and granted it to the government. The appellate court affirmed the district court's decision, explaining that in addition to an examination of the complaint for allegations to indicate the presence of subject matter jurisdiction,

> [a] rule 12(b)(1) motion is also a challenge to the factual existence of subject matter jurisdiction. Regardless of what the complaint says, the court has no subject matter jurisdiction if the factual predicates of subject matter jurisdiction do not exist. . . .
>
> The situation becomes more complex when the prerequisite fact or legal conclusion also relates to the merits of a plaintiff's case. In this case, for example, the jurisdictional question of whether the rangers violated the applicable regulations concerning dangerous trees is interwoven with the question of whether the rangers acted negligently. In such situations, resolving the complex Rule 12(b)(1) motion first, and the merits of the issue later on a motion for summary judgment, makes little sense. In its discretion, therefore, the district court may treat the 12(b)(1) motion as a motion for summary judgment, allowing the parties to conduct discovery, submit evidence, and contest the critical elements of the case in a single procedure. *See, e.g.*, *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169 (5th Cir. 1987) (when plaintiff fails to establish dispute over existence of fact essential to subject matter jurisdiction and to merits of claim, court should grant summary judgment rather than dismiss under Rule 12(b)(1)).

*Id.* at *4.

In the case *sub judice*, the Court has studied not only the defendant's memorandum, but also the attachments, which include documentary evidence and declarations as to the investigation into the fire and the conclusion that the fire was set by other inmates. The plaintiff has not controverted this evidence. Nonetheless, the Court must proceed further to assure that the movant, the United States, has carried the burden to show entitlement to either dismissal or summary judgment.

DISCUSSION

The Court begins with the fundamental rule that the United States cannot be sued without a waiver of its sovereign immunity. *See United States v. Orleans*, 425 U.S. 807, 814 (1976). Any lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985). Moreover, waivers of sovereign immunity are to be strictly construed. *See Spannaus v. Department of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987).

The FTCA, 28 U.S.C. §2671, *et seq*., is a limited waiver of sovereign immunity. It neither creates a cause of action against the United States nor provides a means of enforcing federal statutory duties. *Myers v. United States*, 17 F.3d 890 (6th Cir. 1994). It constitutes the United States' consent to be sued in tort actions: "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment...." 28 U.S.C. §1346(b), and it is limited to cases in which "a private individual [would be liable] under like circumstances." 28

U.S.C. §2674. The FTCA applies to federal inmates' claims alleging personal injuries sustained while incarcerated because of negligence of government employees. *See United States v. Muniz*, 374 U.S. 150 (1963).

In the case *sub judice*, it is uncontroverted that the cell fire was set by other inmates. The plaintiff did not originally allege any role by any federal employee acting within the scope of his or her employment. Nor has Harding come forward later to refute the government's attached declarations that there was no negligent act or omission by any federal employee. Since the government can be liable only when the loss was "caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment," and there was no such act or omission, then the United States cannot be liable.

In short, this Court does not have subject matter jurisdiction under the FTCA to consider an action for damages against the United States in the circumstance presented herein. *United States v. Mitchell*, 463 U.S. at 212. Therefore, this action must be dismissed. Even if the Court were to construe that BOP employees had some duty of safekeeping inmates' property, the FTCA also provides an exemption for "[a]ny claim arising in respect of the detention of any goods, merchandise, or other property by . . . any law enforcement officer," and BOP employees have been held to be such officers. 28 U.S.C. §2680(c); *see also Bruscino v. Pugh*, 2006 WL 980580 (D. Colo. 2006) (citing cases).

The Court concludes that the government has carried its burden of demonstrating that this Court has no subject matter jurisdiction over this fire damage claim and the United States is entitled to judgment as a matter of law. The plaintiff has failed to carry his burden in opposition to the respondent's motion, *i.e.*, to come forward with "affirmative evidence to defeat a properly supported

motion for summary judgment." *Anderson v. Liberty Lobby,* 477 U.S. at 257. The record herein contains only the plaintiff's original allegations, and conclusory statements will not defeat a motion for summary judgment. *Matsushita,* 475 U.S. at 587.

CONCLUSION

Accordingly, the Court having examined the facts and having concluded that the United States has carried the movant's summary judgment burden, that the plaintiff has failed to carry his, and that the defendant is entitled to judgment as a matter of law, it is

**HEREBY ORDERED** as follows:

(1) The defendant's motion to dismiss [Record No. 17] is **CONVERTED** to a motion for summary judgment [Record No. 18], and as such, the motion is **GRANTED**;

(2) this action is **DISMISSED**, and Summary Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the defendant.

This October 31, 2006.




**Signed By:**

***Henry R Wilhoit Jr.***

**United States District Judge**